PER CURIAM:
Claimant brought this action for vehicle damage which occurred when herl 997 Geo Metro struck an exposed rail at a railroad crossing while she was traveling on County Route 1 near Green Spring, Hampshire County. County Route 1 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 8:15 p.m. on October 18, 2003, a clear evening. County Route 1 is a two-lane highway with a railroad crossing at the area of the incident involved in this claim. Claimant testified that she was driving south on County Route 1 at approximately thirty to thirty-five miles per hour with another vehicle coming towards her in the opposite direction. She stated that as she drove her vehicle over the railroad tracks her right front tire caught on an exposed rail along the edge of the highway. Ms. Harrington testified that her tire was caught on the rail and the vehicle slid along the railroad tracks approximately 200 feet. Claimant’s vehicle sustained damage to the frame and right front wheel totaling $77.60.
Larry West, the claimant’s step-father, testified that he helped tow Ms. Harrington’s vehicle off the railroad tracks after the incident. Mr. West stated that a few weeks prior to the incident, he witnessed Division of Highways crews patching the railroad crossing which had recently been repaired by the railroad company. He testified that there was a section of rail left exposed along the highway due to how the intersection of the road and the railroad was paved.
The position of the respondent is that the railroad company was responsible for the maintenance of the railroad crossing on County Route 1 at the site of the claimant’s accident for the date in question.
Paul Timbrook, a Foreman for the respondent in Hampshire County, testified it is the responsibility of the railroad company to maintain the railroad crossings. He stated that respondent is responsible for the road leading up to the railroad, but that the railroad company is responsible for the intersection itself. Mr. Timbrook further stated that from time to time respondent would assist in the maintenance of the railroad *29 crossings. He testified that crews of respondent had helped with the paving of the intersection along Comity Route 1. Mr. Timbrook stated that equipment owned by respondent had been used to do the paving and that employees of respondent had been operating the equipment. Respondent maintains that the railroad company was responsible for the maintenance of the railroad crossing on County Route 1.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, file Court is of the opinion that respondent is responsible for the work that it completed at the railroad crossing on County Route 1; that it had at least constructive notice of the exposed rail which claimant’s vehicle struck; and, further, that the exposed rail presented a hazard to the traveling public. Photographs in evidence depict the exposed rail and provide the Court an accurate portrayal of the railroad crossing on Comity Route 1. While a railroad company is typically responsible for the maintenance of railroad crossings, respondent took part in the repaving of this crossing after it was repaired by the railroad company. In doing so, respondent assumed responsibility and liability for the repairs. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $77.60.
Award of $77.60.